Ruffin, Judge.
 

 The act of 1.827,
 
 c.
 
 19. is
 
 not alto
 
 geklier prospective. remedy given by is not confined to cases that might thereafter happen, hut applies This those also, in which the grievance then existed, is plainly to be inferred from the preamble, which denotes the purpose of the legislature to relieve itself forthwith and entirely from the consideration of any ap-existing or future plication for divorce, whether for causes.
 

 Upon the merits, I confess, that I am individually, inclined to concur with the judge of the Superior Court, for the reasons upon which the case of
 
 Scroggins
 
 v.
 
 Scrog
 
 
 *549
 

 gins
 
 was decided at this term. But my brethren think there is a difference, and that this petitioner may prove himself entitled to relief. The petition was dismissed upon the face of
 
 it;
 
 and therefore, all the facts stated in it must be taken in this stage of the proceedings to be true. Among them is the one of deep die, that the child is
 
 black;
 
 and to that is added, the belief of the petitioner, that it was his own, and that this belief was created by the artful representations of the defendant. It is thought by the majority of the Court, that when a man is acting in good faith, and marries with the design on his part, to repair the injury done to a female, whom he supposes to be the reluctant victim of his own solicitations, which a strong and exclusive affection for him made her unable finally to resist, advantage shall not be taken of. his confidence and honorable principles of action, to draw him on by false tokens and artful devices of this sort. If he had married before the parturition, he ran risks, and must patiently abide the results. The risks were obvious to his understanding. But by awaiting that event, and promptly following it up by consummating the contract, while the child was very young, it is, but reasonable to conclude, that the birth of the child and the belief that it was his own, constituted a prevailing, perhaps the chief motive and inducement for this action. The obstacle with me upon this part of the case is, that the color is an object of the senses ; and that it can hardly be supposed that a man would marry a woman because he believed her to be the mother of his child, without being drawn, even by curiosity, not to say, instinctive affection, to see the child itself. But it may be, that in so young an infant, whose mother was’white, it might not be in the power of an ordinary man, from inspection of the face and other uncovered parts of the body, to discover the tinge, although it were so deep as to lead to the belief now, that it is the issue of a father of full African blood; much more, if the father had a mixture of both races in him. I am therefore directed to express it as the opinion of my brethren, in which I do not refuse to acquiesce, that the
 
 *550
 
 petitioner ought to be allowed to prove his case. He has many difficulties before him ; for the ground of the opinion is not that the wife was delivered of a child by another father, or even by a black paramour ; hut that, such being the fact, she induced, by false representations and active means, as the exhibition of the child to the petitioner as his, a belief on his part, that it was his own issue, and that he did not, and could not, from inspection, ascertain the truth, or be reasonably supposed to be able to do it. If there were no representations in aid of the false token, or if there, were and the hue was visibly inconsistent with those representations, the petitioner was not deceived, or ought not to have been, and cannot have redress. The opinion of the court then is, that the judgment of the Superior Court must be reversed, and the cause remanded to be proceeded in to ascertain the facts according to the statutes ; and if it should upon the proofs turn out, that the child is of mixed blood, that the petitioner and defendant are white persons, and that he believed at the time of the marriage, that the child was white, and that belief was created by the representations of the defendant, that it was the offspring of the petitioner himself, and that upon inspection at that time, the real color was not so obvious as to be detected by the petitioner, or a person of ordinary diligence and intelligence, and not otherwise communicated to the petitioner, he would be entitled to a judgment of divorce from the bonds of matrimony. This is a concession to tiie deep rooted and virtuous prejudices of the community upon this subject.
 

 Per Curiam. — Judgment reversed.